UTICA,
Aug. 1824.

Updegroff
v.
Judges of Ni-
agara.

In the matter of Updegroff and others *against* The Judg-
es of the Court of Common Pleas of the county of Ni-
AGARA.

Debt, in the Court below, by *Potter,* assignee of a gaol
bond, against *Updegroff* and two others, the obligors.  The
declaration set forth a *ca. sa.* in favour of *Potter* against *Up-
degroff,* the arrest of *Updegroff,* the execution of the bond,
with the condition, which was, that *Updegroff* should remain a
*true and faithful prisoner, and should not, at any time, or in
any wise, escape or go without the limits, &c.* The declaration
then averred an escape, whereby the bond became forfeited,
&c.  Plea, *nil debent.* Verdict, " that the defendants *do owe,
&c.* and they assess the damages of the said plaintiff *on occa-
sion of thedetention of the within debt,* over and above, &c. to
$830,05." On this verdict, the plaintiff entered up judgment
and took out execution for the whole damages.  A motion
was made in the Court below to set it aside, which was de-
nied ; and now,

*In an action on
a bond for the
performance of
covenants, and
an assignment
of breaches,
the execution
will not be set
aside for a
mere informal-
ity of the ver-
dict in not as-
sessing dama-
ges for the
breach, but re-
ferring the
damages to the
detention of the
debt.*

*J. C. Spencer,* moved for a mandamus requiring them to
grant the motion, on the ground that there was no assign-
ment of breaches, nor writ of inquiry of damages ; or, at any
rate, if the declaration did assign breaches, the verdict did
not assess damages *upon the breaches.* He cited *Van Ben-
thuysen* v. *De Witt & others,* (14 *John. Rep.* 213) *Caverley* v.
*Nichols,* (*id.* 189) *Hardy* v. *Bern,* (5 *T. R.* 636) *Welch* v.
*Ireland,* (6 *East,* 613) and 2 *Saund.* 187, *n.* 2.

*J. Platt,* contra, said that the objection to the proceed-
ings below, if well founded, was mere matter of error, not
irregularity, and could not be corrected summarily.  We have
a right to be heard in a more solemn form : the party should
have brought his writ of error, upon which, if the decision
of this Court should be against us, we might go to the Court
of Errors.  But the assignment of breaches was sufficient.
The parties went to trial upon that assignment, and the ver-

dict was rendered upon it. The cases cited are those where no assessment of damages was had.

*Spencer*, in reply. The verdict has no relation to the breach assigned. That was for the escape. The verdict is for the detention of the debt. It is the same, then, as if no assessment of damages had been made in the cause.

*Curia.* The assignment of breaches was sufficient ; but it is said the verdict does not pursue the assignment. The parties went to trial upon the breach assigned, and we cannot help seeing that the omission in the verdict to refer to the breach in assessing damages, must have arisen from a mere clerical mistake in the entry, which is amendable by the Court below. The case differs altogether from those cited. In those cases there was no attempt to assign breaches. Even on error brought, the least we could do would be to send this verdict back to be amended, or amend it ourselves.

Motion denied.